**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

WAYNE ZUCCO,

                                    Plaintiff,

        v.

STATE OF NEVADA, *et al.*,

                                    Defendants.

Case No. 3:25-CV-00013-ART-CLB

**ORDER ADDRESSING PLAINTIFF'S NOTICE TO THE COURT**

[ECF No. 28]

Before the Court is a notice regarding ECF No. 24 filed by Plaintiff Wayne Zucco ("Zucco"). (ECF No. 28.) ECF No. 24 is a notice of under seal submission filed by the Attorney General's Office informing Zucco and the Court that they filed the last known addresses of the Defendants they did not accept service of process for under seal. (*See* ECF No. 23.) Zucco's notice states the law library staff told him "no such under seal information exist for his review," and Zucco "request[s] the Court address his issue." (ECF No. 28.) There are two issues with Zucco's notice the Court will address.

First, the Court's General Order No. 2021-05(3)(d) unequivocally states parties are not to file notices when they want the Court to take action:

> Parties must not file "notices" or "letters" with the Court unless it is to notify the Court of procedural changes such as changes of address or notices of a change in counsel. Parties must **not** use notices or letters to ask the Court to rule on a motion. A request for the Court to rule on something must be filed as a motion. Improperly filed "notices" or "letters" will be stricken from the docket.

GO 2021-05(3)(d) (emphasis in original). Zucco's notice, which explicitly asks the Court to "address his issue," is therefore improper.

Second, the law library staff were correct to tell Zucco there was nothing for him to review regarding the notice of under seal submission. As the Court's order granting Zucco's *in forma pauperis* ("IFP") application stated, if the Attorney General's Office could not accept service on behalf of any Defendant(s) they had to file the name and last

known address for each Defendant under seal. (ECF No. 16 at 3.) The reason for this, and the reason law library staff told Zucco there was nothing for him to review, is because it is improper for inmates to know the addresses of Nevada Department of Corrections' employees. Zucco is therefore not entitled to view the information filed under seal. Instead, as the IFP order states, Zucco was required to file **a motion** identifying the unserved Defendant(s) — whose names were publicly available, (*see* ECF Nos. 22, 25) — and requesting the Court serve them on his behalf based on the information provided by the Attorney General's Office. (ECF No. 16 at 3.)

Despite these issues, in the interest of judicial economy and due to the apparent confusion related to the Court's IFP order,[1] the Court will construe Zucco's notice as a motion requesting the Court serve Justin Voss, M.D., on his behalf and grant it.[2]

**IT IS THEREFORE ORDERED** that Zucco's notice to the court, (ECF No. 28), is hereby construed as a motion requesting the Court serve Defendant Justin Voss, M.D., on his behalf and is **GRANTED**.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve **Defendant Justin Voss, M.D.**, on Zucco's behalf. The Clerk shall **ISSUE** a summons for the aforementioned Defendant and send the same to the U.S. Marshals Service with the address provided under seal. (*See* ECF No. 23.) The Clerk shall also **SEND** sufficient copies of the Court's screening order, (ECF No. 8), the complaint, (ECF No. 9), and this order to the U.S. Marshals Service for service on the Defendant. The Court will separately provide to the U.S. Marshals Service a completed USM 285 form.

///

///

---

[1]    Zucco is reminded that even as a *pro se* litigant, he is required to follow the Court's rules and orders. Therefore, he is reminded to carefully read and follow any orders that are issued by the Court to avoid any similar confusion in the future.

[2]    The Court notes that the Attorney General's Office initially stated they could not accept service for Justin Voss, M.D., or Barbie Barrett, M.D. (ECF No. 22.) A few days later, however, the Attorney General's Office filed an amended acceptance of service stating they accepted service for Barbie Barrett, M.D. (ECF No. 25.)

**DATED**: March 4, 2026

_____
**UNITED STATES MAGISTRATE JUDGE**