**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

WAYNE ZUCCO,

　　　　　　　　　　　　　　　Plaintiff,

　　v.

STATE OF NEVADA, *et al.*,

　　　　　　　　　　　　　　　Defendants.

Case No. 3:25-CV-00013-ART-CLB

**ORDER STRIKING PLAINTIFF'S AMENDED PLEADING**

[ECF No. 39]

On April 14, 2026, Plaintiff Wayne Zucco ("Zucco") filed a proposed amended complaint alleging Defendants discontinued his arthritis treatment and asking the Court to issue an order requiring them to resume it. (ECF No. 39.) It is unclear whether Zucco seeks to amend his complaint, or if he is instead asking the Court to take action regarding his alleged lack of treatment. In either case, Zucco's filing is improper, and the Court strikes it from the docket.

To the extent Zucco is trying to amend his complaint, his filing does not comply with the Federal Rules of Civil Procedure or with General Order 2021-05. Under Rule 15(a), litigants may amend their complaint as a matter of right within 21 days after serving it on the opposing party, or within 21 days of being served with the opposing party's response. In all other cases litigants may only amend their complaint if they obtain leave of court or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). Here, Defendants answered on January 29, 2026, which means the time for Zucco to amend as a matter of right has passed. Zucco therefore must obtain leave of court or Defendants' written consent. However, Zucco did not file a motion seeking leave to amend, and there is no evidence Defendants provided written consent. Zucco's filing is therefore improper and must be stricken.

To the extent Zucco is instead seeking Court action, he must file a motion. General Order 2021-05 plainly states "[a] request for the Court to rule on something must

be filed as a motion," something the Court has already explained to Zucco. (*See* ECF No. 29.) Thus, if Zucco is asking the Court to issue an injunction requiring Defendants to continue his arthritis treatment, he must file a motion to that effect supported with argument and evidence, and that complies with this Court's Local Rules and the Federal Rules of Civil Procedure.[1]

For these reasons, the Court hereby **STRIKES** Zucco's proposed amended complaint, (ECF No. 39). Zucco is again reminded that his *pro se* status does not exempt him from following the rules and orders of the Court. (*See* ECF No. 35 at 2.) Future violations may result in the filing being summarily stricken from the docket and/or sanctions being imposed.

**IT IS SO ORDERED**.

**DATED**: April 21, 2026

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes Zucco's proposed amended complaint appears to have been drafted, at least in part, by another inmate named Mitchell Goodrum. (*See* ECF No. 39 at 4.) As the Court explained during Zucco's initial case management conference, to the extent Zucco wishes to rely on Goodrum's counsel, he is again reminded that he alone is responsible for ensuring his filings comply with the rules and this Court's orders, and it will be Zucco who is held to account if they do not.

2